IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA SMITH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00156-N |
| ) | |
| KILOLO KIJAKAZI, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
|     Defendant. ) | |

## ORDER

The Plaintiff, **CHRISTINA SMITH**, brought this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her protectively-filed April 17, 2017 application for a period of disability and disability insurance benefits (collectively, "DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. In response to Smith's brief and fact sheet (Doc. 22) listing the specific errors upon which she seeks reversal of the Commissioner's final decision, the Commissioner filed a motion consenting to and requesting reversal of her final decision, and to remand of Smith's case to the Commissioner for further administrative proceedings under sentence four of § 405(g) ("The [district ]court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). (Doc. 27).

Specifically, said motion requests that the case be remanded "to the Commissioner to take the following administrative actions: evaluate the medical opinions of record in accordance with the revised regulations, reassess Plaintiff's RFC, offer a new hearing, obtain VE testimony, take further action to complete the administrative record, and issue a new decision." (*Id.*, PageID.933). The Commissioner represents that Smith "does not oppose this motion." (*Id.*).[1]

Upon due consideration, the Commissioner's unopposed motion to remand (Doc. 27) is **GRANTED**. Therefore, it is **ORDERED** that the Commissioner's final decision denying Smith's protectively-filed April 17, 2017 application for DIB is **REVERSED**, and that Smith's case is **REMANDED** under sentence four of § 405(g) for further proceedings.[2] On remand, the Commissioner shall evaluate the medical opinions of record in accordance with the revised regulations, reassess Smith's residual functional capacity, offer a new hearing, obtain vocational expert testimony, take further action to complete the administrative record, and issue a new decision, in addition to any other

---

[1] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…" However, the Commissioner filed her answer (Doc. 12) prior to requesting remand, and the motion does not set forth "good cause" for a sentence-six remand.

[2] *See Cruz v. Comm'r, Soc. Sec. Admin.*, No. 22-12218-HH, 2022 WL 18144020, at *1 (11th Cir. Nov. 22, 2022) (unpublished) (similarly granting the Commissioner's motion for a sentence-four remand).

appropriate action.

Securing a "sentence-four" remand makes Smith a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993), and terminates this Court's jurisdiction over this case. Should Smith be awarded Social Security benefits on the subject application following this remand, under Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Smith's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until 30 days after the date of counsel's receipt of a notice of award of benefits from the Social Security Administration.[3] Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment in accordance with this order shall be set out by separate

---

[3] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

document in accordance with Federal Rule of Civil Procedure 58.[4]

**DONE** and **ORDERED** this the **9th** day of **March 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 13, 14).