IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA SMITH,        )  | |
|     Plaintiff,        ) | |
| )  | |
| v.        ) | CIVIL ACTION NO. 1:22-00156-N |
| )  | |
| MARTIN O'MALLEY,        ) | |
| *Commissioner of Social Security*,[1]  ) | |
|     Defendant.        ) | |

### MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the application for attorney fees, costs, and other expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 30) filed by the Plaintiff, **CHRISTINA SMITH** (hereinafter, "the Plaintiff"), which requests an award of $6,979.80 in attorney fees, and $499.74 in costs and other expenses, from the Defendant Commissioner of Social Security ("the Commissioner"). Said application represents that it is unopposed by the Commissioner. Upon consideration, the Court finds the Plaintiff's EAJA application

---

[1] Martin O'Malley was recently confirmed as Commissioner of Social Security (*see* https://www.kiplinger.com/retirement/social-security/omalley-to-be-social-securitys-new-commissioner (last visited 1/10/2024), and began his term of service on December 20, 2023 (*see* https://www.ssa.gov/history/commissioners.html (last visited 1/10/2024)). Accordingly, O'Malley is automatically substituted for former Acting Commissioner Kilolo Kijakazi as the party defendant in this action under Federal Rule of Civil Procedure 25(d), and this change does not affect the pendency of this action. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the title of this case on the docket accordingly.

is due to be **GRANTED in part** and **DENIED in part**.²

### I.   *Analysis*

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' " *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

#### a.   **Prevailing Party**

An individual qualifies as a "party" entitled to "fees and other expenses" under 28 U.S.C. § 2412(d)(1)(A) if the individual's "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Based on

---

² With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action, including post-judgment proceedings, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 13, 14).

the Plaintiff's 28 U.S.C. § 1746 declaration dated February 28, 2022, submitted with the application (Doc. 30, PageID.968), the Court finds that the Plaintiff qualifies as a "party" for purposes of EAJA. And because the Plaintiff received a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g) (*see* Docs. 28, 29), the Plaintiff is a "prevailing" party under EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); *Newsome*, 8 F.3d at 777 ("Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions."); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

### b.   Timeliness

EAJA "provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....' " *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989) (quoting 28 U.S.C. § 2412(d)(1)(B)). "It is settled that a 'final judgment' means that the judgment is final and not appealable." *Id.* (citing 28 U.S.C. § 2412(d)(2)(G)). Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Newsome*, 8 F.3d at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has

run, so that the judgment is no longer appealable.' " *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991)).

Here, final judgment was entered on March 9, 2023 (*see* Docs. 28, 29), and no appeal was taken. Because a United States officer sued in an official capacity is a party to this action, the time to appeal expired after Monday, May 8, 2023 – 60 days from the date of entry of final judgment, excluding the date of entry. *See* Fed. R. App. P. 4(a)(1)(B)(iii); Fed. R. App. P. 26(a)(1). Because the Plaintiff filed and served her EAJA application within 30 days of that date, on May 11, 2023, the application was timely brought. The Commissioner has not argued otherwise.[3]

### c.  **Substantially Justified Position or Special Circumstances**

An EAJA applicant is only required to <u>allege</u> that the Government's position was "not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 414-15, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004). *See also* 28 U.S.C. § 2412(d)(1)(B) (a motion for

---

[3] While past Eleventh Circuit precedent treated EAJA's timely filing requirement as jurisdictional in nature, *see, e.g.*, *Newsome*, 8 F.3d at 777, that precedent has been abrogated by the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401, 413-14, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004) ("§ 2412(d)(1)(B) does not describe what classes of cases the C[ourt of Appeals for Veterans Claims] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly,…the provision's 30–day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.' " (citation and some quotation marks omitted)). *Cf. Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581-82 (6th Cir. 2005) ("[O]ur past precedent characterized the EAJA's time limitation for fee applications as jurisdictional … This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004), where the Supreme Court held that the EAJA's '30–day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional." ' *Id.* at 1865.").

EAJA fees and expenses must "allege that the position of the United States was not substantially justified"). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted). "The burden of establishing that the position of the United States was substantially justified…must be shouldered by the Government." *Scarborough*, 541 U.S. at 414-15.

As required, the Plaintiff's application alleges that the Commissioner's position was not substantially justified. (*See* Doc. 30, PageID.952). The Commissioner has not attempted to rebut that allegation, and does not object to the Plaintiff's entitlement to EAJA fees and expenses. There are also no special circumstances apparent from the record which countenance against such an award. Thus, the Court finds that the Plaintiff is entitled to an award under EAJA in this action.

### d.   Amount of Fees

A prevailing party under EAJA is entitled to "a judgment for costs, as enumerated in" 28 U.S.C. § 1920, as well as an award of "fees and other expenses"

which "includes…reasonable attorney fees…" 28 U.S.C. §§ 2412(a)(1), (d)(1)(A), (d)(2)(A). In the present EAJA application, the Plaintiff requests $6,979.80 in attorney fees—represented to be a "compromise" amount—for 43.1 hours of federal court work performed by Plaintiff's counsel at an hourly rate of $222.50 for 5 hours, and a rate of $236.25 for 38.1 hours; $477 in costs for fees of the clerk, *see* 28 U.S.C. § 1920(1); and $22.74 in other expenses for certified mailing of process (*see* Doc. 30, PageID.946-947). These claimed hours and expenses are duly supported by itemized statements (id., PageID.946, 966). The application represents that the Commissioner is unopposed to these requested amounts.

The amount of fees awarded under § 2414(d)(1)(A) must "be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "The EAJA therefore establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. The first step in the analysis…is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). The second step, which is needed only if the market rate is greater than $[12]5 per hour, is to determine whether the court should adjust the hourly fee upward from $[12]5 to account for an increase in the cost of living, or a

special factor." *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992) (footnote omitted).

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299.[4]

---

[4] The fact that the parties have stipulated to an EAJA award does not relieve this Court of its obligation to independently assess whether the award is reasonable and otherwise appropriate. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds'. These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether or not and at what level attorney's fees are appropriate in an EAJA case. This determination rests squarely within the discretion of the judicial officer, who must or 'shall award' to a prevailing party fees and costs. In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."); *Beutel v. Berryhill*, No. 3:17CV01193(SALM), 2018 WL 4936002, at *1 (D. Conn. Oct. 11, 2018) ("Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. '[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation.' " (quoting *Pribek v. Sec'y, Dep't of Health & Human Servs.*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and internal quotation marks omitted)); *Piner v. Berryhill*, No. 1:17-CV-00317-TMC, 2018 WL 560155, at *1 (D.S.C. Jan. 25, 2018) ("Despite there being no objection, the court is obligated under the EAJA to determine if the fee is proper.").

The Plaintiff's application, relying on a single out-of-circuit opinion from 1999, asserts that his attorney's hourly rate should be based on what is reasonable in New York and New Jersey, because "Plaintiff's counsel maintains their law practice and office in this region." (Doc. 30, PageID.945). However, the Eleventh Circuit Court of Appeals has held the "[t]he general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.' " *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Id.* The Plaintiff's case was filed in the Southern Division of the Southern District of Alabama, based in Mobile, *see* 28 U.S.C. § 81(c)(2), and she has presented no evidence suggesting "a lack of attorneys practicing in th[is] place who are willing and able to handle" Social Security appeals such as hers. Accordingly, the "relevant market" for the "reasonable hourly rate" for the Plaintiff's EAJA application is Mobile, Alabama. *See ACLU of Ga.*, 168 F.3d at 437-38 (for case filed in the Northern District of Georgia, holding that Atlanta was the "relevant market" for computing a reasonable hourly rate).

The Plaintiff has presented no evidence as to the appropriate "market rate" for Mobile. However, the Commissioner has agreed to the Plaintiff's compromised requested fees, and "a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and

proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. Based upon its own knowledge and experience, the Court finds that the prevailing market rate in the Mobile area for services similar to those performed by the Plaintiff's counsel in this action by lawyers of reasonably comparable skills, experience, and reputation exceeds $125 per hour.

Accordingly, the Court must now determine whether an upward adjustment from that rate is justified "to take into account an increase in the cost of living…"[5] 28 U.S.C. § 2412(d)(2)(A). To make this determination, the Court will apply the often-used formula from this Court's decision in *Lucy v. Astrue*, S.D. Ala. Case No. S.D. Ala. Case No. 2:06-cv-00147 PageID.381-382, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007).[6]

> In *Lucy,* the following formula, based on the [U.S. Department of Labor's Consumer Price Index], was utilized:

---

[5] The Plaintiff does not claim that "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee[,]" 28 U.S.C. § 2412(d)(2)(A), nor is any readily apparent from the record.

[6] The Eleventh Circuit has held that "a court should describe mathematically the basis of all cost of living adjustments under [EAJA]." *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The *Lucy* formula was jointly proposed by the Commissioner and the plaintiff in that case as the manner in which EAJA fee rates should be calculated in this district going forward in cases reviewing final decisions of the Commissioner (*see* S.D. Ala. Case No. 2:06-cv-00147 PageID.381-382)), and the judges of this Court have regularly applied it since. The undersigned is unaware of any binding precedent that contravenes the *Lucy* formula, nor of any alternative formula since proposed by the Commissioner. Moreover, the Plaintiff's application acknowledges that use of Consumer Price Index data to determine cost-of-living adjustments for EAJA attorney fee rates is appropriate.

> ($125/hour) x (CPI–U[7] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> [2007 U.S. Dist. LEXIS 97094,] at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The complaint initiating this action (Doc. 1) was filed on April 18, 2022, and the Court's sentence-four remand order and judgment (Docs. 28, 29) were entered on March 9, 2023. The number of days between those two dates, excluding the start and end dates, is 324. The "temporal midpoint" therefore falls in September 2022, which had a South Urban CPI–U of 287.656.[8] Plugging the relevant numbers into the *Lucy* formula renders the following equation: ($125 x 287.656) / 152.4. This equation yields an hourly rate of $235.94, which the Court thus finds to be an appropriate hourly rate under EAJA to account for increases in cost of living.

After considering the itemized timesheet of Plaintiff's counsel (*see* Doc. 30, PageID.966), the Court finds the number of hours billed by attorney Bryan Konoski,

---

[7] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (https://www.bls.gov/cpi/data.htm).

[8] https://data.bls.gov/pdq/SurveyOutputServlet?series_id=CUUR0300SA0,CUUS0300SA0 (last visited Jan. 10, 2024).

43.1, to be unreasonable for the work performed—in particular, the 32.3 hours billed for drafting the Plaintiff's opening brief, which raised only two claims of reversible error, neither of which was particularly novel or complex. However, the Plaintiff and the Commissioner have agreed to a compromise attorney fee award of $6,979.80. Dividing that amount by the hourly rate obtained under the *Lucy* formula, $235.94, *see supra*, accounts for 29.58 hours of attorney time, which the undersigned does find to be reasonable for the work performed in this action. In reaching this conclusion, the undersigned has given some weight to the Commissioner's agreement to the compromise fee award. Additionally, the undersigned has considered the fact that Konoski, who generally practices in New York and New Jersey, only started handling cases in this Court in 2020—and has to date only filed or appeared in 6 cases total in this Court, including this one—and therefore may require additional time to familiarize himself with this circuit's case law on the subject matter. Thus, the Court will award the Plaintiff her requested EAJA attorney fees in the amount of $6,979.80. The Plaintiff is also entitled to be awarded $477 in costs for the various filing and administrative fees paid to the clerk of court, *see* 28 U.S.C. § 1920(1), and is also to recover as other "expenses" $22.74 spent to serve the Commissioner with process by mail, for a total EAJA award of $7,479.54.[9]

---

[9] The Court finds no reason to reduce or deny this award under 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.").

### e. Assignment of Fees

The motion requests that the Court order the EAJA award "be paid directly to Plaintiff's attorney[,]" pursuant to the Plaintiff's "Declaration and Assignment of EAJA Fee" dated February 28, 2022. (Doc. 30, PageID.943, 968). The Court declines to so order.

EAJA fees are awarded to litigants, rather than to their attorneys, which "thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). The Plaintiff's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him." *Brown v. Astrue*, 271 F. App'x 741, 743-44 (10th Cir. 2008) (unpublished). Moreover, "the private contractual arrangement between [the Plaintiff] and his counsel [i]s a collateral matter the district court d[oes] not need to address when considering [an] EAJA fees motion." *Id.* at 744. *See also Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988) ("Historically, the client and the lawyer make their fee arrangement, and the lawyer looks to the client for payment of the legal fee … In enacting the EAJA, Congress recognized and maintained the attorney-client relationship as it has existed throughout our history."); *Oguachuba v. I.N.S.*, 706 F.2d 93, 97 (2d Cir. 1983) ("Whether an award of attorneys' fees under [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."). Accordingly, the Court will award the above-described EAJA fees, costs, and

expenses to the Plaintiff, rather than to his counsel, and expresses no opinion on the validity or effect of the assignment agreement between the Plaintiff and her counsel (Doc. 30, PageID.968).

## II. *Conclusion*

In accordance with the foregoing analysis, the Plaintiff's application for attorney fees, costs, and other expenses under EAJA (Doc. 30) is **GRANTED in part** and **DENIED in part**, in that the Plaintiff, **CHRISTINA SMITH**, is awarded from the Defendant Commissioner of Social Security **$7,479.54** in attorney fees, costs, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.[10]

**DONE** and **ORDERED** this the **10th** day of **January 2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] In light of the issuance of this order, the Plaintiff's supplemental motion filed December 8, 2023 (Doc. 31), is **MOOT**.
    Unless a party requests one by motion, no separate judgment related to this order shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).